30·05

Cl... U. S. District Court
Western District of Texas
By _____ KR12 _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

UNITED STATES OF AMERICA,           )
                                     )
                Plaintiff,           )
                                     ) NO.  EP-05-CR-2300-PRM
v.                                   )
                                     )
JULIO CHAVEZ-RODRIGUEZ,              )
                                     )
Defendant.                           )

## PLEA AGREEMENT

Come now the United States of America, by and through its United States Attorney for the

Western District of Texas, and the Defendant JULIO CHAVEZ-RODRIGUEZ, by and through

Defendant's attorney, and notify this Court that a Plea Agreement has been reached between the

parties in the above entitled and numbered cause as follows:

### COUNT(S) OF CONVICTION

The Defendant, JULIO CHAVEZ-RODRIGUEZ, agrees to plead guilty to Count One of the

Indictment currently pending in the above entitled and numbered cause, charging a violation of Title

21 U.S.C. §§ 952(a) and 960(a)(1), Importation of a Controlled Substance, to wit: a quantity of a

mixture or substance containing a detectable amount of marijuana.  In exchange, the Government

agrees to move for dismissal of the remaining count(s) of the Indictment currently pending against

the Defendant at the time of sentencing.

REV0405

17

## RANGE OF PUNISHMENT

The Defendant understands that the range of punishment for the Defendant's offense is a term of imprisonment of not more than five (5) years, a fine not to exceed $250,000, a term of supervised release of at least two (2) years, and a $100 special assessment.

## IMPOSITION OF SENTENCE

The parties agree that the Court will consult with and take into account the United States Sentencing Guidelines and accompanying policy statements ("the U.S.S.G.") for the calculation of the Defendant's sentence pursuant to 18 U.S.C. § 3553 as construed by *United States v. Booker,* _____ U.S. _____, 125 S.Ct. 738 (2005). However, the Defendant understands that the U.S.S.G. is advisory and that the Court may take other factors into account on sentencing which would result in a greater or lesser sentence than the sentencing range calculated under the U.S.S.G.

## SENTENCING FACTOR(S)

In determining the Defendant's sentence, the parties agree that the following sentencing factor(s) of the U.S.S.G. shall  be consulted and taken into account by the Court for sentencing purposes pursuant to 18 U.S.C. § 3553, as construed in the *United States v. Booker* case cited above:

Acceptance of Responsibility --

The Government will not oppose the award of a two-level adjustment for acceptance of responsibility.  The Defendant realizes that award of such adjustment ultimately remains in the Court's discretion.  Further, if the two-level adjustment is granted and, if applicable, the Government will move, at the time of sentencing, for the award of the third-level for acceptance of responsibility.

Offense Role --

The Government does not oppose an adjustment for "minor role" if the evidence supports such finding.

Safety Valve --

To the extent that 18 U.S.C. § 3553(f) may have been altered by the *United States v. Booker* case cited above, the United States agrees that it will not oppose the Defendant's request for a two level reduction under the safety valve provisions of the Sentencing Guidelines, U.S.S.G. §§ 2D1.1(b)(7), 5C1.2(a)(5), if the Defendant also qualifies for such adjustment pursuant to § 5C1.2(a)(1)-(4). However, should the Government obtain additional information that calls into question the truthfulness or completeness of the information provided by the Defendant, pursuant to these provisions, the Government will be free to either oppose the Defendant's request for a reduction under these provisions or to withdraw the plea agreement in this case. The Defendant understands that the award of any such adjustment ultimately remains in the Court's discretion, and the Court makes the ultimate determination of whether the Defendant has met the requirements of § 5C1.2(a)(5) for purposes of sentencing.

## WAIVER OF APPEAL AND COLLATERAL ATTACK

The Defendant is aware that any sentence imposed will be up to the maximum allowed by statute for the offense(s) to which the Defendant is pleading guilty. The Defendant is also aware that the sentence to be imposed is not subject to parole. By entering into this plea agreement, and as a term of this plea agreement, the Defendant voluntarily and knowingly waives any right to appeal the sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742, as amended by the *United States v. Booker* case cited above.

REV0405                                                    3

The Defendant also voluntarily and knowingly waives the right to contest the sentence in any post-conviction proceeding, including but not limited to, a proceeding pursuant to 28 U.S.C. § 2255; provided, however, that consistent with principles of professional responsibility imposed on the Defendant's counsel and counsel for the Government, the Defendant does not waive the right to challenge the sentence to the extent that it is the result of a violation of the Defendant's constitutional rights based on claims of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension.

The Defendant waives all rights to challenge the sentence imposed, knowing that the Court has not yet determined that sentence. The Defendant understands and agrees that any estimate of the probable sentencing range that may be received from defense counsel, the Government, or the United States Probation Office is not a promise, did not induce the guilty plea or this waiver, and does not bind the Government, the United States Probation Office, or the Court. In other words, the Defendant understands that the Defendant may not challenge the sentence imposed by the District Court, even if it differs substantially from any sentencing range estimated by defense counsel, the attorney for the Government, or the United States Probation Officer. Realizing the uncertainty in estimating what sentence the Defendant will ultimately receive, the Defendant knowingly and voluntarily waives any rights to appeal the sentence or contest it in any post-conviction proceeding in exchange for the concessions made by the Government in this plea agreement.

## RESERVATION OF GOVERNMENT'S RIGHTS

The Government reserves the right to: (1) bring its version of the facts of this case to the attention of the United States Probation Office in connection with that office's preparation of a presentence report; (2) dispute sentencing factors and/or facts material to sentencing in the

REV0405                                    4

presentence report; and (3) seek resolution of such factors and/or facts in conference with defense counsel and the United States Probation Office.

## ASSISTANCE OF COUNSEL

The Defendant acknowledges that the Defendant's attorney has advised the Defendant of the nature of the charges, any possible defense to the charges, and range of possible sentences. The Defendant is satisfied that Defendant's counsel has provided competent representation.

## ADMISSION TO FACTUAL BASIS

Attached to this plea agreement and incorporated by reference herein for all purposes is a written factual basis supporting Defendant's plea of guilty. By signing the Plea Agreement, the Defendant admits that the facts set out in the attached factual basis as alleged by the Government are true and correct. The Government intends to read or summarize this factual basis in open court at the time of the plea.

Respectfully submitted,

JOHNNY SUTTON
UNITED STATES ATTORNEY

BY: _____
KRISTAL M. WADE
Assistant U.S. Attorney

_____
JULIO CHAVEZ-RODRIGUEZ
Defendant

_____
JOHN CALHOUN
Attorney for Defendant

REV0405

5

# FACTUAL BASIS
## DEFENDANT JULIO RODRIGUEZ CHAVEZ

On, **JULIO RODRIGUEZ CHAVEZ (CHAVEZ)** attempted to enter the United States from the Republic of Mexico via the Bridge of the Americas Port of Entry, El Paso, Texas, within the Western District of Texas. CHAVEZ was the driver and sole occupant of a 1992 Ford Crown Victoria bearing Mexico license plates.

At the United States Customs and Border Protection (CBP) primary inspection area, CHAVEZ gave a negative declaration, claimed United States citizenship, and presented his Texas driver's license. Given that the vehicle CHAVEZ was operating appeared to be registered in Mexico, however, CHAVEZ was questioned about the vehicle's ownership, to which he responded that the vehicle belonged to his father-in-law who loaned him the vehicle "as he had left his at the mechanics in Juarez, Mexico." When asked for the vehicle's registration, CHAVEZ immediately stated he did not have it. During the routine questioning, it was noticed that CHAVEZ was constantly shifting in his seat and appeared anxious and in a hurry. The vehicle was referred to the CBP secondary inspection area for further examination.

Upon arrival of CHAVEZ' vehicle at secondary, a narcotics detector dog screening another vehicle pulled towards CHAVEZ' vehicle and gave a positive alert to the rear seat area. Further inspection of CHAVEZ' vehicle yielded the removal of 59 bundles of a green leafy substance from within the area behind the rear seat backrest. The substance was field-tested, with the result positive for **marijuana. Approximate net weight** of the marijuana was **25.8 kilograms**, an amount consistent with distribution.

CHAVEZ was advised of his Miranda rights and agreed to answer questions without the presence of an attorney. CHAVEZ stated that after meeting an individual named "Cesar" in Juarez, Mexico, and telling Cesar that "he (CHAVEZ) needed money and . . . was desperate," Cesar told CHAVEZ that he had some cars that "needed to be jumped." CHAVEZ admitted he knew this to mean "crossing drug-laden vehicles from Mexico into the United States." CHAVEZ stated he agreed to the drug-smuggling venture in exchange for $800. CHAVEZ further stated he was to park the loaded vehicle at the Fox Plaza parking lot in El Paso, Texas, and then return to Mexico to deliver the vehicle's keys to Cesar and receive payment.